UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| GONSALVES-PASTORE REALTY, LLC d/b/a CENTURY 21, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 18-185-JJM-PAS |
| TWIN CITY FIRE INSURANCE CO. d/b/a THE HARTFORD, Defendant. | ) ) ) ) ) | |

ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Defendant Twin City Fire Insurance Company seeks to dismiss Plaintiff Gonsalves-Pastore Realty, LLC's Complaint. ECF No. 10. For reasons set forth below, the Court DENIES Twin City's Motion.

I. BACKGROUND

Plaintiff Gonsalves-Pastore Realty, LLC ("Gonsalves-Pastore") seeks coverage under its insurance policy with Twin City Fire Insurance Company ("Twin City") for an action brought against it alleging negligent supervision of an associated real estate salesperson's actions in connection with her house-flipping business. Linda Glynn, a licensed real estate salesperson associated with Gonsalves-Pastore, founded Sunflower Real Estate, LLC ("Sunflower") as a vehicle to purchase, renovate, and sell or rent residential real estate at a profit. In the underlying case, Mauro Poletti filed an action in Rhode Island Superior Court against Ms. Glynn, Sunflower, and

Gonsalves-Pastore. ECF No. 1-4. Mr. Poletti asserts claims for breach of contract, breach of fiduciary duty and fraudulent conveyance against Ms. Glynn and claims for breach of the duty of good faith and fair dealing, conversion, negligence, and fraud against Ms. Glynn and Sunflower. The only count against Gonsalves-Pastore alleges that Gonsalves-Pastore "failed to properly oversee and supervise the acts of Glynn," causing Mr. Poletti's damages. ECF No. 1-4 at 9. At all relevant times, Gonsalves-Pastore held a Real Estate Errors and Omissions Liability Policy from Twin City. ECF No. 1-5.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts a plaintiff's allegations as true and construe them in the light most favorable to him. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). In reviewing a motion to dismiss, the "court may consider not only the complaint, but also the 'facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice.'" *Narragansett Elec. Co. v. Constellation Energy Commodities Grp., Inc.*, 526 F. Supp. 2d 260, 268 (D.R.I. 2007) (quoting *Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005)). Indeed, "when a 'complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document

2

effectively merges into the pleadings.'" *Id.* (quoting *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

III. DISCUSSION

Twin City argues that the Misappropriation and Owned Property exclusions in the insurance policy issued to Gonsalves-Pastore exclude coverage for claims asserted in the underlying case. The Court finds that the exclusions do not apply.

A. Twin City Fails to Establish the Applicability of the Misappropriation Exclusion

Twin City does not meet its burden to prove that the Misappropriation Exclusion applies to bar coverage as it is not clear that the claims brought by Mr. Poletti exclusively arise out of alleged misappropriation.

The Misappropriation Exclusion set forth in the Policy precludes coverage for claims:

> Arising out of the inability or failure to pay, collect, or safeguard funds held or to be held for others or any conversion, misappropriation, commingling or defalcation of funds or other property.

ECF No. 1-5 at 10.

However, it is not clear that the injury alleged in the underlying Complaint seeking relief for Ms. Glynn's actions arise solely from "misappropriation." Mr. Poletti alleges several theories, including negligence and a breach of contract claim, and the complaint in the underlying case appears to allege that he is in fact suing over managerial decisions on the part of Ms. Glynn that reduced his profits. ECF No. 1-4 at 6-8. To the extent that Mr. Poletti alleges that mismanagement of Sunflower

3

reduced his expected profits, injuries arise from something other than misappropriation. The question of whether the losses suffered by Mr. Poletti were caused by misappropriation, some other failure to pay sums owed, mismanagement, contract damages, or a violation of a fiduciary duty remains open. It is thus undetermined whether the losses associated with Mr. Poletti's claim are because of "misappropriation" and the Court fails to find the Misappropriation Exclusion applies to bar all coverage for the action.

B. The Owned Property Exclusion Does not Apply

Twin City also fails to prove the applicability of the Owned Property Exclusion to bar coverage as the Court does not find that Sunflower or Ms. Glynn were acting on behalf of Gonsalves-Pastore as required by the language of the Policy.

The exclusion bars coverage for claims of losses where the insured acted as the real estate salesperson and was the owner of the property being purchased or sold. The language emphasizes "professional real estate services" and requires that the services performed by Sunflower and/or Ms. Glynn for Mr. Poletti were on Gonsalves-Pastore's behalf. The Policy provides that the insurance does not apply to claims:

> Arising out of or based upon the rendering of **professional real estate services** for property developed, constructed, owned, or to be purchased by an **insured** or by an entity in which any **insured** has a financial interest, or by any entity coming under the same financial control as the **insured**.

ECF No. 1-5 at 10. The term "professional real state services" is defined in the Policy as:

4

> Professional real estate services means services performed by you or on your behalf for others as a real estate agent, real estate broker, real estate salesperson, real estate personal assistant, real estate independent contractor, real estate consultant or counselor, real estate leasing agent, real estate property manager, business broker, short term escrow agent or auctioneer of real property.

*Id.* at 6.

The Court does not find that the services Sunflower and/or Ms. Glynn performed for Mr. Poletti were performed on Gonsalves-Pastore's behalf to apply the Owned Property exclusion here. There is no allegation that Sunflower was created or functioned to facilitate services Ms. Glynn performed as a representative of Gonsalves-Pastore. Further, Gonsalves-Pastore had no management role or ownership interest in Sunflower.

The Court also fails to find that Ms. Glynn performed services on behalf of Gonsalves-Pastore. Twin City argues that Ms. Glynn was necessarily acting on behalf of Gonsalves-Pastore because the statutory authority requires a licensed real estate salesperson be affiliated with a licensed principal broker. Further, Twin City contends, the Amended Complaint alleges that Ms. Glynn's activities were "in furtherance of her employment or association with Gonsalves-Pastore." ECF No. 1-4 at 8. However, there is nothing more in the pleadings to suggest that Ms. Glynn was representing Gonsalves-Pastore or Gonsalves-Pastore's interests when providing services for Mr. Poletti. Instead, Ms. Glynn simply chose to use herself as a real estate salesperson associated with Gonsalves-Pastore in the listing and selling of the properties in question. The Court fails to find that her activities were performed on

5

behalf of Gonsalves-Pastore as required to apply the Owned Property exclusion to bar coverage.

IV. CONCLUSION

For all these reasons, the Court DENIES Twin City's Motion (ECF No. 10).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 6, 2018